ORIGINAL

# In the United States Court of Federal Claims

No. 15-585C
(Filed October 22, 2015)
NOT FOR PUBLICATION

FILED
OCT 22 2015
U.S. COURT OF FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * * *

**DENNY-RAY HARDIN,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.

* * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

The matter before the Court is the defendant's motion to dismiss this case for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). For the reasons discussed below, defendant's motion is **GRANTED** due to plaintiff's failure to state a claim within this court's jurisdiction.

## I. BACKGROUND

Plaintiff Denny-Ray Hardin is a prisoner at the Federal Correctional Institution in Big Spring, Texas.[1] Mister Hardin filed this case against the United States on June 9, 2015, alleging conspiracy, deprivation of his civil rights, First and Eighth Amendment violations, and due process violations. The government moved to dismiss plaintiff's complaint for lack of subject-matter jurisdiction.

---

[1] Mister Hardin was found guilty of 21 counts of fraud in violation of 18 U.S.C. § 514 (creating fictitious obligations) and 18 U.S.C. § 1341 (mail fraud), and is consequently serving a 120 month sentence. *United States v. Hardin*, 489 F. App'x 984 (8th Cir. 2012).

Mister Hardin has previously filed at least three different cases with the Court of Federal Claims. Two of these cases were dismissed for lack of subject-matter jurisdiction and failure to state a claim; the third case is still pending. *See Hardin v. United States*, No. 1:13-cv-00812-MCW, (Fed. Cl. February 24, 2014); *Hardin v. United States*, No. 1:14-cv-00557-CFL, (Fed. Cl. September 26, 2014); *Hardin v. United States*, No. 1:15-cv-00426-MMS, (Fed. Cl. April 28, 2015). Additionally, plaintiff has two cases currently pending in the Northern District of Texas. *See Hardin v. Batts,* No. 15-cv-00021-P (N.D. Tex. January 26, 2015); *Hardin v. Batts,* No. 15-cv-00043-P (N.D. Tex. March 2, 2015).

The facts supporting plaintiff's complaint can be separated into two different categories: allegations against Judge Jorge A. Solis of the Northern District of Texas and his clerks, and allegations against Bureau of Prisons staff. First, Mr. Hardin claims that Judge Solis and his clerks have conspired to obstruct justice, depriving him of his First Amendment rights and giving rise to a cause of action under 42 U.S.C §§ 1985(2), (3). *See* Compl. at 2–3. Mister Hardin complains that Judge Solis and his clerks conspired to restrict his First Amendment right to petition the government by refusing to issue a summons to Warden Myron L. Batts. *Id.* This relates to the first of the two district court cases pending before Judge Solis. *Hardin v. Batts,* No. 15-cv-00021-P (N.D. Tex. January 26, 2015). Plaintiff contends that Judge Solis's failure to issue a subpoena to Warden Batts is evidence of a conspiracy to deprive plaintiff of his civil rights protected by the First Amendment. Compl. at 3.

Second, plaintiff alleges that Warden Batts, Director of the Federal Bureau of Prisons Charles Samuels, and Case Manager Yarbar conspired to keep him in isolation, which he argues has resulted in the infliction of cruel and unusual punishment. *Id.* Plaintiff alleges that his rights were violated when the aforementioned government officials refused to relocate him to a prison facility closer to his domicile and family. *Id.* at 13–14. Mister Hardin contends that he has suffered mental anguish, gained fifty pounds, and experienced insomnia as a result of being so far removed from his family. *Id.* Plaintiff alleges that the named government officials conspired to deprive him of his constitutional rights when they denied him his relocation request, thereby giving rise to a cause of action under 42 U.S.C. § 1983 and violating 18 U.S.C. § 241 (conspiracy against rights) and 18 U.S.C. § 242 (deprivation of rights under color of law). *Id.* at 3.

Based on these alleged injuries and on a variety of causes of action, plaintiff seeks damages for pain and suffering, punitive damages, and an order of relocation. *Id.* at 14. The majority of the complaint, pages four through twelve, is the original argument filed in case No. 15-21, which is still pending before Judge Solis. *See* Def.'s Mot. to Dismiss App. at A39–A50, A63.

The government's response argues that plaintiff's claims do not fall under our court's subject-matter jurisdiction and thus, under RCFC 12(b)(1), the case must be dismissed. Mot. to Dismiss at 1, 6–10. Defendant also notes that plaintiff has a similar case pending before the Northern District of Texas, which additionally bars Mr. Hardin from seeking redress in this court. *Id.* at 6–7 (citing 28 U.S.C. § 1500). Finally, the government contends that the type of relief plaintiff seeks is not available in this court. *Id.* at 7, 10. Plaintiff has submitted two documents opposing the government's motion, the second of which has been filed as a sur-reply. *See* Answer to Def.'s Mot. to Dismiss, (August 3, 2015), ECF No. 6 (Pl.s' Resp.); Pl.'s Opp. to Def.'s Mot. to Dismiss, (August 28, 2015), ECF No. 9 (Pl.'s Sur-reply). Both have been reviewed and considered by the Court.

## II. DISCUSSION

### A. Subject-Matter Jurisdiction

Under RCFC 12(b)(1), this court must dismiss claims that do not fall within its subject-matter jurisdiction. When considering a motion to dismiss a case for lack of subject-matter jurisdiction, courts will accept as true all factual allegations the non-movant made and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (requiring that on a motion to dismiss for lack of subject-matter jurisdiction this court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States,* 105 Fed. Cl. 303, 325 (2012).

While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside this court's jurisdiction from being dismissed. *See, e.g., Henke v. United States,* 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction bears the burden of establishing it and must ultimately do so by a preponderance of the evidence. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

### B. Analysis

While the Court must interpret the complaint liberally, the majority of the complaint, pages four through twelve, is, by Mr. Hardin's own admission "the original arguments and law" initially brought before Judge Solis. Compl. at 4. To the extent that plaintiff is seeking review of Judge Solis's actions, the Court lacks subject-matter jurisdiction. Also, to the extent that the claims that Mr. Hardin brings are ones he stated in his pending district court cases, the Court does not have jurisdiction.

The remaining claims, construed broadly, fall into three categories: civil rights claims, criminal claims, and constitutional claims. This court does not have jurisdiction over those claims. To the extent that one could construe plaintiff's claims as requesting a review of his criminal conviction, this court lacks jurisdiction. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *Carter v. United States*, 228 Ct. Cl. 898, 900 (1981).

As to relief, plaintiff specifically requests an unspecified sum of money for pain and suffering, punitive damages, and an order requiring the Bureau of Prisons to relocate him to a facility closer to his home and family. Compl. at 14. The Court cannot award punitive damages and cannot order the Bureau of Prisons to relocate Mr. Hardin. As the Court does not have jurisdiction over any of Mr. Hardin's claims, the Court cannot award any money damages.[2]

*1. The Court Lacks Subject-Matter Jurisdiction to Review Judge Solis's Actions*

This court lacks subject-matter jurisdiction over plaintiff's request to review Judge Solis's actions (or inactions) in his case in the Northern District of Texas. *See* Compl. at 14. This court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).[3] Moreover, "[t]his Court lacks jurisdiction to consider claims which amount to collateral attacks on criminal convictions." *Perkins v. United States*, No. 13-023C, 2013 WL 3958350, at *3 (Fed. Cl. July 31, 2013).[4] Accordingly, this court lacks the jurisdiction to review the case before Judge Solis and evaluate whether he or his clerks "conspired" against the plaintiff or to determine if due process has been violated in that proceeding.

*2. The Court Lacks Subject-Matter Jurisdiction over Claims Mr. Hardin Has Brought in His Two Pending Cases in the Northern District of Texas*

Mister Hardin currently has two lawsuits pending in the Northern District of Texas. *See Hardin v. Batts*, No. 15-cv-00021-P (N.D. Tex. January 26, 2015);

---

[2] Plaintiff also claims that Mr. Mandlebaum, the Department of Justice attorney in this matter, does not have standing to represent the United States. Pl.'s Resp. at 2–4. This argument is baseless. *See* 28 U.S.C. § 516.

[3] Plaintiff, citing Supreme Court cases covering territorial courts (*Balzac v. Porto Rico*, 258 U.S. 298 (1922) and *Mookin v. United States*, 303 U.S. 201 (1938)), incorrectly asserts that the United States District Court for the Northern District of Texas is not an Article III court. *See* Pl.'s Resp. at 16; Pl.'s Sur-reply at 4–6.

[4] Plaintiff in his opposing papers disclaims any intent to raise criminal law claims. *See* Pl.s' Resp. at 14–15; Pl.'s Sur-reply at 11.

*Hardin v. Batts*, No. 15-cv-00043-P (N.D. Tex. March 2, 2015). In *Hardin v. Batts*, No. 15-21, he makes the same allegations, states similar facts, and requests the same relief as here. *See* Mot. to Dismiss App. at A39–50. This court does "not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States . . . ." 28 U.S.C. § 1500 (2012). Two lawsuits are "for or in respect to the same claim . . . if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723, 1731 (2011). Both the operative facts and the relief sought in the two lawsuits are essentially the same, and thus this court does not have jurisdiction due to 28 U.S.C. § 1500. Plaintiff in his complaint seemingly acknowledges that he is raising many of the same claims here as he did in the district court. *See* Compl. at 4. While Mr. Hardin appears frustrated with the speed with which Judge Solis is addressing these two pending cases, it appears that the delay with these proceedings may be due to an issue with the payment of the filing fee.

### 3. *The Court Lacks Subject-Matter Jurisdiction over Plaintiff's Civil Rights Claims*

Plaintiff alleges that defendant violated 42 U.S.C. sections 1983 and 1985. Mister Hardin alleges that Judge Solis, his clerks, and Federal Bureau of Prisons officials violated his constitutional rights and maintains that he has a right to redress under the civil rights statutes. This court lacks jurisdiction because the district courts have exclusive jurisdiction over such claims. "[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts." *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005); *see also Bowles v. United States*, No. 14-1241C, 2015 WL 4710258, at *3 (Fed. Cl. July 31, 2015).[5] As such, this court lacks jurisdiction to hear plaintiff's civil rights claims.[6]

---

[5] Moreover, 42 U.S.C. §§ 1981, 1983, 1985, and 1986 apply to actions of state and local, *not federal*, officials. *See Griffith v. United States*, No. 14-793C, 2015 WL 1383959, at *2 (Fed. Cl. Mar. 20, 2015).

[6] In his response to the government's motion to dismiss, plaintiff also cites to 22 Am Jur. 2d § 257. A legal treatise cannot be the basis of jurisdiction in this court because jurisdiction in this court is limited to claims founded upon "the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1) (2012).

*4. The Court Lacks Subject-Matter Jurisdiction over Plaintiff's Criminal Claims*

Plaintiff alleges that defendant violated 18 U.S.C. sections 241 and 242. Compl. at 3. Such claims are misplaced. Section 241 provides for criminal penalties for those conspiring against the exercise of rights, and 18 U.S.C. § 242 sets the criminal punishments for actions under color of law that deprive one of rights based on a person's status as an alien or by reason of color or race. These statutes "are criminal statutes that provide no basis for a civil action in any court." *Clarke v. United States*, No. 10-283C, 2010 WL 2143675, at *2 (Fed. Cl. May 24, 2010). The Court of Federal Claims does not have jurisdiction to entertain criminal matters. *Joshua*, 17 F.3d at 379; *Jones*, 440 F. App'x at 918. Thus, plaintiff's criminal claims are dismissed for lack of jurisdiction.

*5. The Court Lacks Jurisdiction over Plaintiff's Constitutional Claims*

Plaintiff claims that his First, Fifth, and Eighth Amendment rights have been violated. The Court's jurisdiction, under the Tucker Act, requires that a plaintiff identify a substantive source of law that creates the right to money damages. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The Eighth Amendment is not a money-mandating provision. *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007). Standing alone, the First Amendment does not "command the payment of money." *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983); *see also Jiron v. United States*, 118 Fed. Cl. 190, 199 (2014).

As to plaintiff's due process claims under the Fifth Amendment, these, too, are not within our court's jurisdiction. The Fifth Amendment's Due Process Clause is not money-mandating. *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013).[7] Plaintiff's constitutional claims, as a consequence, are not based on money-mandating provisions and thus fall outside this court's jurisdiction.

*6. The Court Lacks Jurisdiction over Plaintiff's Claim for Non-Monetary Relief and Punitive Damages*

Mister Hardin requests that this court order the Director of the Bureau of Prisons to comply with BOP's policies and reassign him to a different prison facility. Compl. at 14. Demands for such declaratory or injunctive relief are outside of the Court's jurisdiction. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997);

---

[7] The Due Process Clause of the Fifth Amendment may only be a basis for our jurisdiction when a claim seeks the return of money paid to the federal government, under the rubric of an illegal exaction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996); *Coleman v. United States*, No. 13-431C, 2014 WL 949984, at *3 (Fed. Cl. Mar. 7, 2014).

*Brunson v. United States*, No. 10-837C, 2011 WL 2784596, at *2 (Fed. Cl. July 12, 2011).

As an additional basis for the Court's authority to issue the declaratory relief plaintiff seeks, he argues that this court has jurisdiction under 28 U.S.C. § 1361, a statute which enables district courts to compel an officer of the United States to perform a duty. Compl. at 10. The Court of Federal Claims is not a federal district court. *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). As such, this power given to district courts does not extend to the Court. Plaintiff contends that government officials violated the Bureau of Prisons program statement 5100-2, dated October 7, 1982. Compl. at 6–7. But, no money-mandating provision of this regulation has been identified to support our court's jurisdiction.

And finally, our court lacks jurisdiction to award punitive damages. *Garner v. United States*, 230 Ct. Cl. 941, 943 (1982). The relief that the plaintiff seeks is beyond our court's jurisdiction and, hence, its power.[8]

## III. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss this case pursuant to RCFC 12(b)(1) is **GRANTED** due to the plaintiff's failure to state a claim within this court's jurisdiction. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge

---

[8] Plaintiff's unopposed motion for *in forma pauperis* status is **GRANTED.** Prisoners seeking to proceed *in forma pauperis* are required to pay, over time, the filing fee in full. 28 U.S.C. § 1915(b). Thus, plaintiff shall be assessed, as a partial payment of this court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint. *Id.* § 1915(b)(1). Thereafter, Mr. Hardin shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. *Id.* § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full. *Id.*