ORIGINAL

# In the United States Court of Federal Claims

No. 15-585C
(Filed March 30, 2016)
NOT FOR PUBLICATION

FILED

MAR 30 2016

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                             *
                                             *
                                             *
DENNY-RAY HARDIN,                            *
                                             *
                 Plaintiff,                  *
        v.                                   *
                                             *
THE UNITED STATES,                           *
                                             *
                 Defendant.                  *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

On June 9, 2015, our Clerk's office received from Mr. Hardin a complaint brought against the United States, and an application to proceed *in forma pauperis*. The latter document contained Mr. Hardin's "request to proceed without being required to prepay filing fees." Application to Proceed *In Forma Pauperis*, ECF No. 3, at 1. Although his poverty qualified him to be relieved of the required *prepayment* of the $400 filing fee, the same law which allows this relief also requires that prisoners make partial payments of the fee from their prisoners' accounts until the fee is fully paid. 28 U.S.C. § 1915(b). The relevant provisions read:

> **(b)(1)** Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —

> **(A)** the average monthly deposits to the prisoner's account; or

> **(B)** the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

> **(2)** After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1)-(2). The Court granted Mr. Hardin's application on October 22, 2015. *Hardin v. United States*, No. 15-585C, 2015 WL 6437379, at *5 n.8 (Fed. Cl. Oct. 22, 2015).

Although Mr. Hardin voluntarily chose to file a complaint in our court, and moved for the relief from prepayment that was granted him, he apparently now regrets those choices. His case was dismissed on October 22, 2015, because it was not within our jurisdiction. *Id.* at *5. Nearly four months later, and a few weeks after the first partial payment of the filing fee was made, Mr. Hardin submitted to the Clerk's office a document entitled "Demand for Determination of Birthrights within the Jurisdiction of the Land." The document was not filed when received because it was not of a form recognizable for filing under our rules, was not accompanied by two copies, *see* Rule 5.5(d)(2) of the Rules of the United States Court of Federal Claims (RCFC), and concerned a case that was closed. In the document, Mr. Hardin complains about the partial payments taken from his inmate trust account, although he is the one who moved for this procedure to be followed.

The document has been submitted too late to be considered a motion for reconsideration under Rule 59(b) of our rules, as it was sent more than 28 days after entry of judgment. RCFC 59(b)(1). Nor does it contain any legal ground for setting aside the determination that Mr. Hardin should be allowed to pay the filing fee on an installment basis. Mister Hardin argues that a non-Article III court such as ours cannot order that his filing fee be paid out of his prisoner's account, and alleges that it was thus unlawful that such payments were ordered. But federal law clearly states that our court is "a court of the United States" for purposes of the *in forma pauperis* statute. 28 U.S.C. § 2503(d) ("For the purpose of construing sections 1821, 1915, 1920, and 1927 of this title, the United States Court of Federal Claims shall be deemed to be a court of the United States.").

While the Court understands Mr. Hardin's frustration that a portion of his limited funds must be diverted to pay a filing fee to a court that was without power to hear his case, Mr. Hardin must understand that an Act of Congress requires this result. Even cases that are outside of a court's jurisdiction impose resource demands on that court and its staff, and Congress has determined that prisoners cannot be excused from paying the filing fees that help defray these costs. *See* 28 U.S.C. § 1915(b). It is unfortunate that Mr. Hardin misunderstood our court's jurisdiction, and apparently was unaware that relief from *prepayment* does not

mean that the filing fee need not ever be paid.  But section 1915 of title 28 of the U.S. Code is the law, made by Congress, not our court.

As the document was not submitted in time to be treated as a request for reconsideration, and does not appear to fall under any other category for purposes of filing, the Clerk is directed to return it to Mr. Hardin.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge